IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA : CRIMINAL ACTION NO. 07-207-3
v. :
BARRY LITTLE :

FILED
DEC 21 2010
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## ORDER

**AND NOW**, this 21st day of December, 2010, upon consideration of Defendant Barry Little's pro se "Motion Pursuant to Federal Rules of Criminal Procedure Rule 6(e)(3)(c)(i)" (Docket No. 275), and the Government's Motion to Dismiss Defendant's pro se motion (Docket No. 277), **IT IS HEREBY ORDERED** as follows:

1. The Government's Motion to Dismiss is **GRANTED**.
2. Defendant's Motion is **DISMISSED**.[1]

BY THE COURT:

John R. Padova, J.

---

[1] This is the second pro se motion that Defendant has filed in this Court seeking transcripts of grand jury testimony. In the first, he asked for the transcripts to aid in his preparation of a habeas corpus petition, and he now asks for the transcripts for use in his pending direct appeal. We dismissed Defendant's prior pro se motion, both because defendants may not file motions pro se when they are represented by counsel and because the Government had already provided Defendant's counsel with the grand jury testimony of witnesses who testified at Defendant's trial. See Oct. 21, 2009 Order, Docket No. 242. Defendant has since filed with the United States Court of Appeals for the Third Circuit in connection with his direct appeal two additional pro se requests for the grand jury transcripts. The Third Circuit has denied both those requests "as unnecessary" because the Court has appointed counsel to represent Defendant in his appeal. We now dismiss Defendant's instant motion because Defendant is again proceeding pro se in spite of his representation by counsel and because we lack jurisdiction to consider his request in light of his pending direct appeal. See, e.g., Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (stating that the filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." (citations omitted)).